UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST
VIRGINIA BECKLEY DIVISION

TRACY AND DENNIS COX, on behalf of themselves
and all others similarly situated,

        Plaintiffs,
v.                                                                                  Case No. 5:23-cv-392

FIRST COMMUNITY BANK,

        Defendant.

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs, Tracy and Dennis Cox, and Defendant, First Community Bank, entered into the Class Action Settlement Agreement ("Settlement");

WHEREAS, this Court previously entered the Preliminary Approval order, which certified, for settlement and notice purposes only, the following class (the "Class"):

> All persons who were charged one or more Challenged Fees by Defendant during the state specific Class Period.

The "Class Period" is the period of: (i) June 24, 2012, to July 31, 2020, for Class Members whose accounts were opened in West Virginia; (ii) June 24, 2016, to July 31, 2020, for Class Members whose accounts were opened in Tennessee; (iii) June 24, 2017, to July 31, 2020, for Class Members whose accounts were opened in Virginia; and (iv) June 24, 2019, to July 31, 2020, for Class Members whose accounts were opened in North Carolina. "Challenged Fees" means (1) overdraft fees on debit card transactions that were authorized against a sufficient available

1

account balance but subsequently settled against an insufficient available account balance ("APSN Fees"); and (2) nonsufficient funds fees or overdraft fees on transactions that were resubmitted by a merchant after having previously been assessed a nonsufficient funds fee ("Retry Fees"). Excluded from the Class are Defendant's current and former officers, directors, affiliates, legal representatives, successors, subsidiaries, and assigns, along with all judges who have presided over this matter and their immediate families and judicial staff.

WHEREAS, the Settlement Administrator provided the Court-approved notice to the Settlement Class and a timely request to exclude Alta Faye Chandler was received and she is hereby excluded from and not bound by the Settlement;

WHEREAS, Defendant provided the notice required by 28 U.S.C. § 1715 and no state or federal official filed any objection to the Settlement;

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to the members of the Settlement Class, directing that appropriate notice of the Settlement be given to the Settlement Class, and scheduling a hearing on final approval;

WHEREAS, in accordance with the Settlement and the Preliminary Approval Order: (1) the Settlement Administrator caused the Notice to be emailed and/or mailed by United States First Class Mail to all known members of the Class; and the affidavit of notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on November 25, 2024, this Court held a hearing on whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members (the "Final Approval Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records and proceedings in the Lawsuit, the benefits to the Class Members under the Settlement and the risks, complexity, expense, and probable duration of further litigation;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant in this case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Class Representatives and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Class Representatives and Class Counsel, and Defendant and Defendant's Counsel, and the Class and Defendant were represented by capable and experienced counsel.

6. The form, content, and method of dissemination of the notice given to members of the Class—individuals emailed or mailed notice—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of the applicable rules and Due Process.

7. The Settlement is fair, reasonable, and adequate and in the best interests of the Class and is approved in all respects. The Court hereby directs the Class Representatives, the Class Members, Class Counsel, Defendant, and Defendant's Counsel to effectuate the Settlement according to its terms.

8. The Settlement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement, and the method and recipients for receipt of any *cy pres* payments, and the parties are authorized to implement distribution of the Settlement Fund after deductions for fees, expenses, and service awards as approved by the Court. The Court shall have continuing jurisdiction over the Settlement Fund.

9. Upon the occurrence of the Effective Date of the Settlement, the Class Representatives and each of the Class Members, on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors ("the Releasing Parties"), shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, and agents

("Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, damages, liabilities, demands, obligations, costs, expenses, attorneys' fees, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, legal, statutory, or equitable, based on contract, tort, or any other theory, that result from, arise out of, or in any way relate to the conduct, omissions, duties, or facts during the Class Period that were or could have been alleged in the Complaint (the "Released Claims") relating to or arising out of the assessment of the Challenged Fees.

10. Upon the occurrence of the Effective Date of the Settlement, the Class Representatives and the Class Members release and forever discharge Defendant and including but not limited to its shareholders, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted, or which could have been asserted, relating to the Challenged Fees charged during the Class Period.

11. Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives or Class Counsel relating to the claims in this lawsuit, or the filing or prosecution of any lawsuit relating to such claims. Notwithstanding the forgoing, nothing in this Order shall be construed as a release or waiver of any obligation of any Class Representative,

Class Member, or Class Counsel for any payment of monies due to the Defendant for any outstanding debts, loans, and credit obligations not expressly provided for in the Settlement. Any such debts, loans, and credit obligations shall continue to be governed by the legal documents evidencing such debts, loans, or credit obligations and nothing contained herein modifies, extinguishes, or otherwise alters those obligations except as expressly stated in the Settlement.

12. The above-captioned lawsuit is hereby dismissed with prejudice and without assessment of costs or attorneys' fees against any party except as provided in the Settlement and Court order.

13. This Order is a final judgment because it disposes of all claims against all parties to this lawsuit. The Court retains jurisdiction over the Settlement, the parties to the Settlement, and all matters relating to the administration and enforcement of the Settlement Agreement.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 16, 2024

Frank W. Volk
Chief United States District Judge